UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
KENNETH MORO,                              )
               Plaintiff,              )          **COMPLAINT**
                                        )
     - against -                         )          Case No._____
                                        )
PRUDENTIAL INSURANCE                       )          **08 CIV. 1119**
COMPANY OF AMERICA,                        )
               Defendant.              )          **JUDGE KARAS**
------------------------------------------------------X

      Plaintiff, Kenneth Moro, by his attorney, Firas E. Nesheiwat, as and for her complaint, alleges as follows:

### NATURE OF ACTION

1. Plaintiff Kenneth Moro brings this action to require defendant the Prudential Insurance Company of America (hereinafter the "Insurance Company") to continue Mr. Moro's monthly disability payments under the Insurance Company's disability policy and Group Policy Number 43748 with a Claim Number 10924658 (hereinafter "Disability Policy"). The insurance company has no basis for discontinuing the monthly payments, which it had been making to the Plaintiff ever since he suffered a hip replacement and/or consequential back and neck injuries. In repudiating its obligations under the Disability Policy, the insurance company has clearly violated the Disability Policy itself and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1, et seq., which governs the Disability Policy. Plaintiff seeks both legal and equitable relief.

### JURISDICTION

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132 because this action arises under ERISA, 29

1

U.S.C. § 1, et seq. With respect to the third and fourth claims, this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The sole defendant does business in this district and the events and omissions giving rise to this action took place in this district.

## PARTIES

4. Plaintiff is an individual residing at 7 Simmons Street, Saugerties, New York 12477.

5. Upon information and belief, defendant is an Insurance Corporation organized under the law of the State of New York and having a principal place of business in the State of New York, or otherwise transacts or conducts business in this State.

## FACTS

6. The Insurance Company issued a Disability Policy effective to KEYCORP, which was the holder with respect to the Disability Policy.

7. The plaintiff was issued the Disability Policy effective on or about the date of March 1, 2006.

8. KeyCorp obtained the Disability Policy and provided all of its employees as an employee welfare benefit plan under ERISA for all employees who are employed more than 20 hours per week and provided a monthly benefit of 70% of the claimant's monthly earnings not to exceed $20,000.00 per month.

9. The insured under the Disability Policy are all employees of KeyCorp as stated.

10. At all time the Disability Policy went into effect, and at all relevant times, Mr. Moro was an employee of KeyCorp with the position of a Key Center Manager.

11. Under the Disability Policy, when the Insurance Company receives proof that an insured is disabled due to sickness or injury and requires the regular attendance of a physician, the Insurance Company will pay the insured a monthly benefit. The amount of coverage is defined as 70 percent (Seventy Percent) of the "Basic Monthly Earnings" of an employee. A set forth in the policy, an employee will receive as a monthly benefit 70 percent of the last year's compensation with a maximum monthly benefit of $20,000.00 with a deduction of other sources of income.

12. On or about, November 28, 2006, Plaintiff underwent a complete hip replacement at the Albany Medical Center. Plaintiff could not work as a result and permanently left his employment as per the opinions of his treating physicians. At this point, the Insurance Company, as provided in the Disability Policy, reviewed the Plaintiff's claim and determined that he is entitled to the benefits of the Disability Policy and issued him monthly earnings of $2,969.17.

13. On May 01, 2007, a disclaimer letter was issued to the Plaintiff to indicate that his long term disability benefits were terminated. Plaintiff's first appeal to the insurance company was denied on May 10, 2007 followed by denials on July 24, 2007, August 14, 2007, and a final appeal or request for reconsideration on December 14, 2007 determined the Plaintiff was not entitled to benefits.

14. Plaintiff became disabled within the meaning of the Disability Policy as the result of the hip replacement and incidental injuries. The condition has remained within the meaning of the Disability Policy since that time to the present date.

15. Pursuant to the Disability Policy, the Insurance Company calculated the benefit to Plaintiff to be $2,969.17 per month based Plaintiff's monthly earnings. This determination was made based on monthly earnings of $4,241.67. On March 1, 2007, after the three-month "elimination period" under the Disability Policy, the Insurance Company began paying this monthly benefit.

16. Plaintiff was not receiving any disability benefits from Social Security or any other collateral source.

17. By letter dated December 14, 2007, the final appeal or second request for reconsideration, the Insurance Company advised him of its position that benefits are not due to him under the Disability Policy, and the Insurance Company advised Plaintiff that it will cease paying any benefits.

18. By sending the Disclaimer Letter, the Insurance Company repudiated and committed an anticipatory breach of the Disability Policy.

19. The Insurance Company has no legal or factual basis for refusing to continue to make payments to Mr. Moro.

## FIRST CLAIM

20. Plaintiff repeats and reiterates each and every allegation contained in paragraph "1" through "19" above.

21. By repudiating the Disability Policy, the Insurance Company has violated the terms of an employee welfare benefit plan as provided under ERISA.

22. Plaintiff has been damaged as a result of the foregoing.

23. Plaintiff seeks in this claim to enforce his rights under the Disability Policy pursuant to 29 U.S.C. §1132.

24. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to a judgment requiring the Insurance Company to continue paying monthly disability payments to him in the amount of $2,979.17 and to pay such amount, and any further cost of living adjustments, to Plaintiff for so long as she remains disabled.

25. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to a judgement requiring the Insurance Company to make unpaid monthly payments from May 1, 2007 to the present day.

26. Pursuant to 29 U.S.C. §1332(g), Plaintiff is entitled to agreed upon or reasonable attorneys' fees.

## SECOND CLAIM

27. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "26" above.

28. Plaintiff seeks in this claim an injunction pursuant to 29 U.S.C. § 1132.

29. Plaintiff will suffer irreparable harm unless the Insurance Company is required to continue his payments, for the following reasons:

> On November 28, 2006, Mr. Moro underwent hip surgery which left him with a half inch leg length discrepancy. Post-Surgery the Plaintiff became severely aggravated and was unable to perform his work duties or continue with any of his physical activities. The low back discomfort has become constant and disabling post-surgery. The change in biomechanics of the pelvis, including the hip has created a recurrent irritation to the joints and discs which has resulted in swelling around these joints and irritation to the lumbro-sacral nerve plexus.

30. Plaintiff has no adequate remedy at law and is entitled to an injunction.

31. Pursuant to 29 U.S.C. § 1332(g), Plaintiff is entitled to attorneys' fees.

## THIRD CLAIM

32. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "31" above.

33. By repudiating the Disability policy, the Insurance Company has breached the Disability Policy.

34. Plaintiff has been damaged as the result of the foregoing.

35. The Insurance Company is liable to Plaintiff for breach of contract.

36. Plaintiff is entitled to judgement requiring the Insurance Company to continue paying monthly disability payments to her in the amount of $2,969.17 per month and to pay such amount, and any further cost of living adjustments, to the present for so long as he remains disabled and for the remainder of the policy period which is 30 years, more or less.

37. Pursuant to 29 U.S.C. §1132, plaintiff is entitled to a judgment requiring the Insurance Company to make unpaid monthly payments from May 1, 2007 to the present.

## FOURTH CLAIM

38. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "37" above.

39. Plaintiff seeks an injunction pursuant to equitable principles.

40. By repudiating the Disability policy, the Insurance Company has breached the Disability Policy.

41. For the reasons described in paragraph 29, above, Mr. Moro will suffer irreparable harm unless the Insurance Company is required to continue payments.

42. Plaintiff has no adequate remedy at law and is entitled to an injunction.

**WHEREFORE,** Plaintiff demands judgment as follows:

(a) on the first claim, requiring the Insurance Company to continue paying monthly disability payments to him in the amount of $2,969.17 per month and to pay such amount, and any cost of living adjustments, to him for so long as he remains disabled, and granting her attorneys' fees pursuant to 29 U.S.C. §1332(g). Plaintiff is demanding a judgment against the Insurance Company for the value of unpaid monthly payments from May 1, 2007 to the present day;

(b) on the second claim, granting plaintiff a permanent injunction prohibiting the Insurance Company from cutting off the monthly benefits due to him under the Insurance policy so long as she remains disabled, and granting attorneys' fees under 29 U.S.C. §1332(g);

(c) on the third claim, requiring the Insurance Company to continue to pay monthly disability payments to her in the amount of $2,969.17 per month and to pay such amount, and any cost of living adjustments, to him for so long as he remains disabled. Plaintiff is demanding a judgement against the Insurance Company for the value of unpaid monthly payments from August 1, 2003 to the present;

(d) on the fourth claim, granting plaintiff a permanent injunction prohibiting the Insurance Company form cutting off the monthly benefits due to him under the Insurance Policy so long as she remains disabled;

(e) granting him interest according to law; and

(f) granting him the costs and disbursements of this action and such other and further relief as shall be just and proper.

Dated: Poughkeepsie, New York
      January 11, 2008

Yours, etc.

_____
By: Firas E. Nesheiwat, Esq.
Attorney for Plaintiff
173 Fulton Street
Poughkeepsie, New York 12601
(845) 473-4500

8

STATE OF NEW YORK   }
                    } ss.:
COUNTY OF DUTCHESS  }

Kenneth Moro, being duly sworn deposes and says:

Deponent is the plaintiff in the annexed action; and that Deponent has read the foregoing Complaint and knows the contents thereof; the same is true to deponent's own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matter deponent believes it to be true.

_____
Kenneth Moro

Sworn to before me this 11th day
Of January 2007.

_____
Notary Public

FIRAS E. NESHEIWAT
NOTARY PUBLIC-STATE OF NEW YORK
No. 02NE6019883
Qualified in Dutchess County
My Commission Expires February 16, ~~2008~~ 20 11

9