MORGAN, LEWIS & BOCKIUS LLP
Brian A. Herman (BH-0731)
101 Park Avenue
New York, NY  10178-0060
(212) 309-6909
(212) 309-6273 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

KENNETH MORO,                                   )
                              Plaintiff,        )
                                                )              **ANSWER**
            - against -                          )
                                                )       Case No. 7:08-cv-01119-KMK
PRUDENTIAL INSURANCE                            )
COMPANY OF AMERICA,                             )
                              Defendant.        )
-------------------------------------------------------x

       Defendant Prudential Insurance Company of America, by and through its

attorneys, hereby answers the Complaint in the above referenced matter as follows:

       1.      Defendant admits that Plaintiff made a claim for disability benefits.

Defendant further admits that it made benefit payments to Plaintiff, and that those benefit

payments were subsequently terminated. Defendant admits that the policy is governed by

ERISA. Defendant denies that Plaintiff is entitled to any further payments, and denies all

remaining allegations contained in paragraph 1.

       2.      The allegations contained in paragraph 2 constitute conclusions of law for

which no responsive pleading is required.

       3.      Defendant admits that it is authorized to do business in New York. The

remaining allegations contained in paragraph 3 constitute conclusions of law for which

no responsive pleading is required.

- 1 -

4.      After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.      Defendant denies that it is organized under the law of the State of New York and that it has its principal place of business in New York. Defendant admits that it is a New Jersey corporation with its principal place of business in New Jersey. Defendant further admits that it is authorized to do business in New York.

6.      Defendant admits that it entered into Group Contract Number G-43748-OH with KEYCORP.

7.      After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.      The allegations contained in paragraph 8 purport to characterize written documents whose terms speak for themselves. Defendant denies the allegations of paragraph 8 to the extent those allegations do not accurately reflect the terms of the Plan or the Policy and do not contain the Plan or Policy in their entirety. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9.      After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.    The allegations contained in paragraph 11 purport to characterize written documents whose terms speak for themselves. Defendant denies the allegations of paragraph 11 to the extent those allegations do not accurately reflect the terms of the Plan or the Policy and do not contain the Plan or Policy in their entirety.

12.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 12. Defendant admits that Plaintiff made a claim for disability benefits under the Plan and Policy. Defendant further admits that it made benefit payments to Plaintiff.

13.    Defendant admits that it terminated payments to Plaintiff on or about May 1, 2007. Defendant further admits that Plaintiff appealed the decision to terminate benefits, and that Plaintiff's final appeal was denied on or about December 14, 2007.

14.    Denied.

15.    Defendant admits that benefit payments in the amount of $2969.17 per month based on Plaintiff's monthly earnings of $4241.67 were paid to the Plaintiff beginning on or about March 1, 2007.

16.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.    Defendant admits that it notified Plaintiff of its final determination to deny Plaintiff's appeal in a letter dated December 14, 2007. Defendant further admits that it determined that Plaintiff is not entitled to any further benefits.

18.    Denied.

19.    Denied.

20.    Defendant incorporates its responses to paragraphs 1-19 of the Complaint as if set forth fully herein.

21.    Denied.

22.    Denied.

23.    The allegations contained in paragraph 23 constitute conclusions of law for which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 23.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Defendant incorporates its responses to paragraphs 1-26 of the Complaint as if set forth fully herein.

28.    Defendant admits that the Plaintiff seeks an injunction pursuant to 29 U.S.C. § 1132, but denies that the Plaintiff is entitled to such an injunction.

29.    Denied.

30.    Denied.

31.     Defendant incorporates its responses to paragraphs 1-31 of the Complaint as if set forth fully herein.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Defendant incorporates its responses to paragraphs 1-37 of the Complaint as if set forth fully herein.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Defendant denies each and every other allegation not specifically admitted herein.

<u>**DEFENSES**</u>

1.     Any and all state law claims are preempted by ERISA because Plaintiff seeks benefits under the terms of an ERISA governed welfare plan.

2.     Defendant has discretion to interpret the Plan, make eligibility determinations under the Plan, and to make any and all factual determinations under the Plan. Defendant's determinations under the Plan are entitled to deference.

3.    There is no right to a jury trial, or compensatory or punitive damages, under ERISA.

4.    Any benefits due under the Plan are subject to offset in accordance with the terms of the Plan.

5.    Defendant is entitled to its attorney's fees under 29 U.S.C. § 1132(g).

6.    Plaintiff's claim is subject to the Policy's exclusions for pre-existing conditions.

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor, that the Complaint be dismissed with prejudice, and that Defendant be awarded its costs and fees.

Respectfully submitted,
MORGAN, LEWIS & BOCKIUS LLP
Attorneys for Defendant

Dated:  March 10, 2008

By:   /s/ Brian A. Herman_____
MORGAN, LEWIS & BOCKIUS LLP
Brian A. Herman (BH-0731)
101 Park Avenue
New York, NY  10178-0060
(212) 309-6909
(212) 309-6273 (fax)

Attorneys for Defendant

Of Counsel:

Jeremy P. Blumenfeld
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5258
(215) 963-5001 (fax)